**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| HARRIET C. DAVIDSON,<br>Plaintiff,<br>v.<br>POPLAR HEALTHCARE,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-03015-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation on Defendant Poplar Healthcare Management, LLC's Motion to Dismiss (the "R&R"), filed August 10, 2026. (ECF No. 24.) The R&R recommends that the Court grant the Motion to Dismiss and that this case be dismissed for failure to state a claim on which relief may be granted. (Id. at PageID 87.) Pro se Plaintiff Harriet Davidson filed her objections to the R&R on August 24, 2026 and September 10, 2026.[1] (ECF No. 25; ECF No. 27.)

For the reasons stated below, the R&R is **ADOPTED** and Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Davidson, a black woman diagnosed with Lupus and Breast Cancer, alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the

[1] Davidson's September 10, 2026 objections were filed after the Court granted her an extension. (See ECF No. 26.) Thereafter, she filed a Motion to Supplement Plaintiff's Objections to the Report and Recommendation. (ECF No. 28.) Given her pro se status, that Motion is **GRANTED**, and all of Plaintiff's objections are considered below. (See ECF No. 25; ECF No. 27; ECF No. 28.)

Americans with Disabilities Act, 42 U.S.C. §§ 12112 et seq. ("ADA"), arising from employment with Poplar Healthcare, where she worked in various roles. (ECF No. 2 at PageID 5.) Davidson alleges that her resignation, which she deems a constructive discharge, resulted from Poplar Healthcare's discrimination against her on the basis of her race and medical conditions. (Id.; ECF No. 2-2 at PageID 11–12.) In her initial complaint, Davidson represented that she received a right-to-sue letter on August 6, 2025. (ECF No. 2 at PageID 6.) Then, in her amended complaint, Davidson stated that she received a right-to-sue letter which was dated August 6, 2025, but did not explicitly state when she received the letter. (ECF No. 17-2 at PageID 55.)

The R&R recommends dismissing Davidson's claims as time barred. (ECF No. 24 at PageID 84–87.) Specifically, the R&R finds that Davidson received her right-to-sue letter on August 6, 2025, because Davidson stated, in her initial complaint, that she received it on that date. (Id. at PageID 86 (citing ECF No. 2 ¶ 14.).) Using August 6, 2025, as the date of receipt, the R&R determined that Davidson's initial complaint, filed November 5, 2025, was one day past the ninety-day filing window applicable to her. (See id. at PageID 85 (citing 42 U.S.C. § 2000e-5(f)(1)).) Additionally, although Davidson received the letter via email notification and physical mail delivery, the R&R rejects Davidson's argument that her filing period was extended by extra days under a rule applicable to right-to-sue letters received by physical mail delivery. (Id.)

Davidson raised two objections to the R&R, arguing that the record does not support the conclusion that she received the right to sue letter on August 6, 2025, and that equitable tolling applies. (See ECF No. 25; ECF No. 27; ECF No. 28.) Both objections are considered below.

**ANALYSIS**

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Here, Davidson's objections are reviewed using a de novo standard.

Before filing a lawsuit under Title VII or the ADA, a plaintiff must first exhaust administrative remedies. Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 731 (6th Cir. 2006); Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 309 (6th Cir. 2000). One exhaustion requirement is that a plaintiff "file a timely discrimination charge with the [Equal Employment Opportunity Commission[ ["]EEOC["]. Amini v. Oberlin Coll., 259 F.3d 493, 498 (6th Cir. 2001); Parry, 236 F.3d at 309. The purpose of this requirement is to give "the EEOC . . . an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims." Randolph, 453 F.3d at 731. If the EEOC declines prosecuting the plaintiff's charge, it notifies the Plaintiff, who "within ninety days after the giving of such notice" must file a Complaint against the individual named in the discrimination charge. 42 U.S.C. § 2000e-5(f)(1).

The ninety-day filing requirement is like a statute of limitations, which "applies to all plaintiffs, even those proceeding pro se, and so much as one day's delay is fatal to a claim." Simns v. Maxim Healthcare Servs., Inc., Nos. 11–1052, 12–1016, 12–2026, 2013 WL 435293, at

*4 (W.D. Tenn. Feb. 4, 2013) (citing Williams v. Sears, Roebuck & Co., 143 F. Supp. 2d 941, 944–45 (W.D. Tenn. 2001 (dismissing plaintiff's Title VII claim after he filed complaint ninety-one days after receiving right to sue letter)). When the right-to-sue letter is issued via physical mail, "the ninety-day limitation terms begins running on the fifth day following the EEOC's mailing" of the letter. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000). However, "a plaintiff is deemed to have received a right-to-sue letter when that letter is made accessible via the EEOC portal." Azeez v. Cocaine and Alcohol Awareness Program, Inc., No. 2:24-cv-02434-TLP-cgc, 2026 WL 2230602, at *5 (W.D. Tenn. Aug. 3, 2026) (quoting Gray v. Shelby Cnty. Bd. of Educ., No. 23-2810, 2024 WL 5515752, at *9 (W.D. Tenn. Dec. 9, 2024)).

Finally, pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." Erickson, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (citation modified) (quoting Ashcroft v. Iqbal, 556 US. 662, 678 (2009)).

Davidson's principal objection, reiterated in several filings, is that the R&R's finding that she received her right-to-sue letter on August 6, 2025, "is not supported by the record." (ECF No. 25 at PageID 89; ECF No. 27 at PageID 99–100; ECF No. 28-1 at PageID 117–18.) Instead,

Davidson argues, she only pled that she received a right-to-sue letter that was "dated" August 6, 2025, not that she received it on that date. (ECF No. 25 at PageID 89; ECF No. 27 at PageID 99; ECF No. 28-1 at PageID 118.) Davidson asserts that this argument is bolstered by her receipt of an EEOC email dated August 14, 2025, which she would not have received had she accessed the right-to-sue letter earlier.[2] (ECF No. 27 at PageID 102.) Based on these factual allegations, Davidson contends that courts uniformly interpret the phrase "within ninety days after the giving of such notice" to mean "actual receipt." (ECF No. 28-1 at PageID 118.)

In response, Poplar Healthcare argues that the right-to-sue letter was accessible to Davidson on August 6, 2025, making her lawsuit untimely. (ECF No. 29 at PageID 127.) To support its claim, Poplar Healthcare points to an email it received on August 6, 2025, which notified it that the EEOC "ha[d] made a decision regarding [Davidon's charge]." (ECF No. 29-1 at PageID 133.) Additionally, Poplar Healthcare construes the August 14, 2025, email Davidson received, and the words "REMINDER" in the email subject line, to indicate that "the right-to-sue notice was available to Plaintiff prior to the transmission of the reminder on August 14, 2025." (ECF No. 29 at PageID 128–29.)

As the R&R and the Parties' briefing indicate, the sole issue is whether Davidson's Complaint was timely filed. The R&R determined that the EEOC right-to-sue letter was electronically available to Davidson on August 6, 2025. (ECF No. 24 at PageID 85.) This finding is based on Davidson's admission in her initial complaint that she received the right-to-sue letter on August 6, 2025. (ECF No. 2 at PageID 6.) The finding is also bolstered by the

[2] On this point, Davidson submitted somewhat contradictory objections. In one objection, she states that the August 14 email "confirm[s] that the EEOC decision was not <u>accessible</u> until [August 14]." (ECF No. 25 at PageID 89.) But she then goes on to state, in a separate filing, that the August 14 email "show[s] [that] the decision notification was not <u>accessed</u> until [August 14]." (ECF No. 27 at PageID 102.)

August 14, 2025, email Davidson submitted reminding her, presumably, of an earlier email in which the EEOC "ha[d] made a decision regarding her [discrimination charge]." (ECF No. 27-2 at PageID 110.) This finding is additionally supported by Poplar Healthcare's submission, in response to Davidson's objections to the R&R, that it received a notification of the EEOC's decision regarding Davidson's discrimination charge on August 6, 2025, the same date Davidson initially indicated as the date when she received the right-to-sue letter. (ECF No. 2 at PageID 6; ECF No. 29-1 at PageID 133.)

Davidson points to her amended complaint, which states that she "received a Right-to-Sue letter dated August 6, 2025," as evidence that she did not admit, as the R&R concludes, that she "received" the right-to-sue letter on August 6, 2025. (ECF No. 17-2 at PageID 55; ECF No. 28-1 at PageID 118.) This is of no consequence, however, because Davidson cannot retract her initial admission that she received her right-to-sue letter on August 6, 2025, despite her crafty pleading to the contrary. See, e.g., Andrews v. McPherson, No. 24-00162-JB-N, 2025 WL 949114, at *5 (S.D. Ala. Mar. 28, 2025) (rejecting contradictory factual allegations in amended complaint and granting motion to dismiss); Wallace v. New York City Dep't of Corr., No. 95-CV-4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) (rejecting factual allegations in amended complaint that directly contradicted statements in initial complaint and granting defendants' motion to dismiss). Therefore, the R&R correctly determined that Davidson received the right-to-sue letter on August 6, 2025.

Because the August 6, 2025 date governs, the R&R correctly determined that Davidson's November 4, 2025 filing of her complaint was untimely by one day. Although this is a harsh result, it is firmly supported by case law dismissing similar claims in similar cases. See, e.g., Azeez, 2026 WL 2230602, at *5 (dismissing Title VII claims that were untimely by one day);

Hudson v. McDonough, No. 2:21-CV-02572-TLP-atc, 2024 WL 4481842, at *3 (W.D. Tenn. Sep. 11, 2024), report and recommendation adopted, 2024 WL 4326817 (W.D. Tenn. Sept. 26, 2024) (dismissing complaint that was untimely by two days).

Finally, Davidson asserts that equitable tolling of the ninety-day filing requirement "may apply in limited circumstances." (ECF No. 27 at PageID 103; ECF No. 28-1 at PageID 121.) But aside from invoking the doctrine of equitable tolling, Davidson provides little to support its application here. Because courts apply equitable tolling "only sparingly," Amini, 259 F.3d at 500, and Davidson has not indicated that her failure to timely file her complaint "arose from circumstances beyond [her] control[,]" Zappone v. United States, 870 F.3d 551, 556 (6th Cir. 2017) (citation omitted), equitable tolling is inappropriate here.

Therefore, for the above-outlined reasons, the R&R is **ADOPTED**, and Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**, this 20th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE